ORIGINAL

NO SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No.

-----------------------------------------------------------------X

COMPLAINT

ALLAN THORNTON,

JURY TRIAL DEMANDED

Plaintiff, CV 14                    1924

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER     MATSUMOTO, J.
RAYMOND KELLY, FIRST DEPUTY COMMISSIONER
RAFAEL PINEIRO, CHIEF OF DEPARTMENT JOSEPH
ESPOSITO AND JOHN DOE POLICE OFFICERS AND
SUPERVISORS ASSIGNED TO THE 73RD PRECINCT.

Defendants.

-----------------------------------------------------------------X

Plaintiff, by his attorneys, Bader Yakaitis & Nonnenmacher, LLP complaining of the

Defendants, respectfully sets forth and alleges as follows:

PRELIMINARY STATEMENT

1.      This is a Civil Rights action in which the Plaintiff seeks relief for Defendants'

violation, under color of state law, of his rights, privileges and immunities secured by The Civil

Rights Act of 1871, 42 U.S.C. Sections 1983 and 1985, the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the

State of New York.

2.      The Plaintiff brings this action under 42 U.S.C. Sections 1983 and 1985 and related

state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Section

1988 for the Defendants' violation of his rights afforded by the United States and New York

Constitutions and under the laws of the State of New York.

3.      Defendants, the City of New York, the individually named Defendants and John

Doe Police Officers, the exact number which is unknown at this time, acting individually and in

3

their official capacities, jointly and severally, violated plaintiff's rights to be free from unreasonable searches and seizures, and did cause Plaintiff to be falsely arrested, falsely imprisoned, assaulted, battered, maliciously charged him with crimes he did not commit and maliciously prosecuted him for crimes he did not commit.

4.      The individually named defendants and "John Doe" Defendants being employees of the City of New York and the New York City Police Department violated Plaintiff's Civil Rights, caused him serious personal injuries, emotional harm and deprived him of his liberty.

5.      The incident occurred on April 7, 2012 initially within 1688 St. Marks Avenue also known as 301-303 Rockaway Avenue in Brooklyn.

THE PARTIES

6.      At all times hereinafter mentioned the plaintiff Allan Thornton was a resident of the State of New York.

7.      The Plaintiff is and was a citizen of the Unites States.

8.      Defendant the City of New York is a Municipal entity created and authorized under the laws of the State of New York and is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9.      The New York City Police Department is an agency and/or department of the City of New York and acts on its behalf in the area of law enforcement.

10.     At all times hereinafter mentioned the 73rd Precinct is part of the New York City Police Department.

11.     At all times hereinafter mentioned Defendant City of New York maintained the 73rd Precinct.

12.     Defendant Raymond Kelly was the Police Commissioner of the New York City Police Department at the time of this incident and as such was a superior and supervising officer of the police officers involved in the incidents described in this complaint.

4

13.     Defendant Rafael Pineiro was the First Deputy Commissioner of the New York City Police Department at the time of this incident and as such was a superior and supervising officer of the police officers involved in the incidents described in this complaint.

14.     Defendant Joseph Esposito was the Chief of the Police Department at the time of this incident and as such was a superior and supervising officer of the police officers involved in the incidents described in this complaint.

15.     The JOHN DOE Defendants were police officers assigned to the 73rd Precinct at the time of this incident.

16.     John Doe, Commanding officer was a supervising officer at the 73rd Precinct when this incident occurred and is a superior officer of the officers involved in this incident.

17.     John Doe, Commanding officer was s supervising officer at the 73rd Precinct when this incident occurred and is a superior officer of the officers involved in this incident.

18.     John Doe Police Officers assigned to the 73rd Precinct participated in the events described in this complaint.

19.     Defendants Raymond Kelly, Rafael Pineiro and Joseph Esposito and the John Doe Supervisors are responsible for the practices, policies and customs of the New York City Police Department, as well as for the hiring, screening, training, supervising, controlling, retaining and disciplining of the persons employed by the New York City Police Department.

20.     Defendant Raymond Kelly is and was, at all times relevant to this complaint, the Commissioner of the New York City Police Department and is a final policy maker for purposes of the Police Department's policies, practices and customs.

21.     As Commissioner of the New York City Police Department, Raymond Kelly was, at all times relevant to this complaint, responsible for the practices, policies and customs of the Police Department and its precincts and was responsible for the hiring, screening, overseeing, training, supervising, controlling, retaining and disciplining of officers who worked within the

precincts.

22. As First Deputy Commissioner, Rafael Pineiro was a commanding officer of the various precincts and was a final policy maker for purposes of the precincts policies, practices and customs.

23. As First Deputy Commissioner, Rafael Pineiro was at all times relevant to this complaint responsible for the practices, policies and customs of the New York City Police Department and its precincts and was responsible for the hiring, screening, overseeing, training, supervising, controlling, retaining and disciplining of Officers who worked at precincts.

24. Chief of Department, Joseph Esposito was a commanding officer of the New York City Police Department and was a final policy maker for purposes of its precinct's policies, practices and customs.

25. As the Chief of Department, Joseph Esposito was at all times relevant to this complaint, responsible for the practices, policies and customs of the New York City Police Department and its precincts and was responsible for the hiring, screening, overseeing, training, supervising, controlling, retaining and disciplining of detectives who worked within the precincts.

26. John Doe Defendants were at all times mentioned superior officers at the 73rd Precinct and at all times relevant to this complaint were responsible for the practices, policies and customs of the New York City Police Department and the 73rd Precinct and was responsible for the hiring, screening, overseeing, training, supervising, controlling, retaining and disciplining of Officers who worked at this Precinct.

27. On April 7, 2012 The City of New York employed unknown "John Doe" Police Officers who were assigned to the 73rd Precinct.

28. Defendants John Does are, or were at all times relevant to this complaint, employed by the City of New York as police officers, supervisors, and/or commanding officers assigned to the

6

73rd Precinct.

29.     These John Doe Defendants include individuals who conspired to and/or acted in concert and/or did engage in the violation of Plaintiffs' rights described herein, or who failed to protect the Plaintiffs from violations of their constitutional rights.

30.     On April 7, 2012 the City of New York employed the aforementioned police officers who were agents, servants and/or employees of the New York City Police Department.

31.     The individually named Defendants and yet to be named John Doe Defendants were at all times mentioned acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or City of New York.

32.     Defendants were also acting within the scope of and in furtherance of their employment with the City of New York and the New York City Police Department.

33.     At all times relevant herein, each of the individually named Defendants and the yet to be named John Doe Defendants acted under color of law in the course and scope of his or her duties and functions as an agent, employee, servant and/or officer of The City of New York and/or New York City Police Department in engaging in the conduct described herein.

34.     At all times relevant herein, the individually named Defendants and the yet to be named John Doe Defendants have acted for and on behalf of the City of New York and/or the New York City Police Department, and incidental to the lawful pursuit of their duties as officers, agents, employees and/or servants of the City of New York and/or New York City Police Department.

35.     At all times relevant herein, the individually named Defendants violated clearly established constitutional standards under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of which a reasonable police officer and/or public official under his or her respective circumstances would have known to be so violative.

36.     Plaintiff seek compensatory and punitive damages. Plaintiff also seeks an award of attorney fees and costs, and for such other and further relief as the court deems just and proper.

7

## JURISDICTION

37.     The Court has jurisdiction over Plaintiff's claims under 42 U.S.C. Sections 1983 and 1985 pursuant to 28 U.S.C. Section 1331 and Section 1342(3).

38.     The jurisdiction of this Court is invoked pursuant to the provisions of Title 28, United States Code Section 1343(3) and (4), this being a suit in equity which is authorized by law, Title 42, United States Code, Sec. 1983, to be brought to redress the deprivation under color of state law, statute, ordinances, regulations, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States or by any Act of Congress providing for equal rights of citizens.  The rights here sought to be redressed are rights guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and Title 42, United States Code, Sections 1981, 1983 and 1985 as hereinafter more fully appears and The Constitution of the State of New York.

## VENUE

39.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Section 1391(b)(2), in that this is the judicial district in which the events giving rise to this claim occurred.

## JURY DEMAND

40.     Plaintiff demands a trial by jury in this action on each and every one of their claims pursuant to the seventh amendment to The United States Constitution and Fed. R. Civ. P. 38.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR FALSE ARREST

41.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "40" above, as if fully set forth at length here.

8

42.     That at all times herein mentioned, 1688 St. Marks Ave., also known as 303 Rockaway Ave., (hereinafter referred to as "The Premises") was and still is situated in the County of Kings.

43.     That at all times hereinafter mentioned, "The Premises" consisted of a ground floor commercial location, a basement and second floor apartment.

44.     That at all times hereinafter mentioned, the plaintiff worked in one of the businesses located on the first floor.

45.     That all times hereinafter mentioned, the plaintiff was lawfully working on the first floor of the building.

46.     That at all times hereinafter mentioned, the personal belongings, property, furnishings and fixtures owned and/or possessed by the plaintiff were contained within the business.

47.     That on or about April 7, 2012, at approximately 11:30 PM, the plaintiff Allan Thornton was lawfully at "The Premises" when agents, servants and/or employees of the City of New York and the New York City Police Department believed to be assigned to the 73rd Pct., whose names and/or shield numbers are presently unknown to plaintiff, entered onto "The Premises" and did illegally stop and arrest the Plaintiff.

48.     The plaintiff was thrown to the floor, assaulted, battered, placed in handcuffs, illegally restrained and did not receive any Miranda rights guaranteed to him through the laws of the State of New York and of the United States of America.

49.     That said plaintiff was illegally taken from "The Premises" and arrested falsely and unlawfully restrained.

50.     Said plaintiff was thereafter taken to the 73rd precinct where he was processed for arrest without provocation.

51.     Said plaintiff was falsely and unlawfully arrested.

9

52.     The Plaintiff was arrested by John Doe, Police Officers without probable cause and without a warrant.

53.     That the aforesaid arrest was caused by the defendants, its agents, servants and employees, including but not limited to the police officers without a warrant and without any reasonable cause or belief that Plaintiff was in fact guilty of any crime.

54.     That the aforementioned officers intended to confine Plaintiff; Plaintiff was conscious of the confinement; Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

55.     That by reason of the false arrest of Plaintiff, the Plaintiff was subjected to great indignities, humiliation and ridicule and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and was caused to suffer much pain in both mind and body.

56.     The aforementioned police officers intentionally and without the right to do so, arrested the Plaintiff who was aware of the arrest and did not consent to it.

57.     Plaintiff's arrest was unlawful and was made without justification.

58.     Based on the facts and circumstances presented, a reasonably prudent person would not believe that Plaintiff committed a crime.

59.     As a result of the foregoing, the plaintiff was damaged in a sum in excess of the jurisdictional limits of all lower courts which otherwise have jurisdiction.

60.     That as a result of said false and unlawful arrest, the plaintiff was damaged in a sum in excess of the jurisdictional limits of all lower courts which otherwise have jurisdiction.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
<u>FOR FALSE IMPRISONMENT</u>

61.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "60" above, as if fully set forth at length herein.

10

62.     That after the plaintiff was unlawfully and falsely arrested he was taken to the 73rd precinct where he was falsely imprisoned.

63.     That after being held in a holding cell at the 73rd precinct, plaintiff was transported to Rikers Island and placed within the New York City prison system through the New York City Department of Correction.

64.     That the various defendants herein did purposely, intentionally and maliciously present and make knowingly false sworn allegations and testimony against this plaintiff.

65.     That as a result of the intentional and malicious and knowingly false allegations, plaintiff was indicted on violating numerous sections of the Penal Law of the State of New York.

66.     That because of the sworn statements and allegations made by the defendants herein, through their agents, servants and/or employees, plaintiff was placed on a bail situation which the plaintiff was not able to make.

67.     That plaintiff languished within the prison system within the City of New York from the date of his arrest on April 7, 2012 and thereafter for a significant period of time.

68.     That plaintiff's unlawful and illegal imprisonment caused him grievous harm.

69.     The defendants intended to confine the Plaintiff.

70.     The Plaintiff was conscious of the confinement.

71.     The Plaintiff did not consent to the confinement.

72.     The confinement was not privileged.

73.     By reason of the aforementioned, the Plaintiff suffered physical harm, great mental anguish and was deprived of his constitutional rights.

<u>AS AND FOR A THIRD CAUSE</u>

11

OF ACTION FOR ASSAULT

74.      Plaintiff repeats and reiterates all of the allegations contained in paragraphs "1" through "73" as if fully set forth herein.

75.      On April 7, 2012 in the course of being falsely arrested, the Plaintiff was assaulted by the aforementioned agents, servants, and/or employees of the defendants The City of New York and The New York City Police Department.

76.      During the course of this unlawful arrest the Plaintiff was subjected to the excessive use of force.

77.      During the course of his arrest, the aforementioned police officers intentionally placed the Plaintiff in apprehension of imminent harm and offensive contact.

78.      During the course of this unlawful arrest the Plaintiff was the victim of police brutality.

79.      During the course of his arrest, the aforementioned police officers intentionally caused the Plaintiff to become concerned that they were about to cause him harm and that they were about to subject him to offensive contact.

80.      The aforementioned officers had the real and/or apparent ability to bring about that harm and contact.

81.      The Plaintiff reasonably believed that harm and contact was about to occur.

82.      By reason of the aforementioned, the Plaintiff suffered physical harm, great mental anguish and was deprived of his constitutional rights.

### AS AND FOR A FOURTH CAUSE
### OF ACTION FOR BATTERY

12

83.    Plaintiff repeats and reiterates all of the allegations contained in paragraphs "1" through "82" as if fully set forth herein.

84.    On April 7, 2012 in the course of being arrested, the Plaintiff was battered by the aforementioned police officers who were employed by The City of New York and New York City Police Department.

85.    During the course of his unlawful arrest, the aforementioned police officers intentionally touched the Plaintiff without his consent, and caused him offensive bodily contact.

86.    During the course of his arrest, the aforementioned police officers used excessive force.

87.    A reasonable person would conclude that the contact was offensive, it was done with the intent to harm the Plaintiff and the contact offends a reasonable sense of personal dignity and/or was wrongful.

88.    Defendants use of force was not justified and was done willfully and maliciously.

89.    Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights.

90.    The Plaintiff was the victim of police brutality.

91.    Said use of excessive force deprived Plaintiff of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution and amounted to an unreasonable physical seizure of Plaintiff under the Fourth Amendment to the United States Constitution and constituted cruel and unusual treatment under the Eight Amendment to the United States Constitution.

92.    By reason of the aforementioned, the Plaintiff suffered physical damages, suffered

13

great mental anguish and was deprived of her constitutional rights.

93.     As a result of the foregoing, the plaintiff was damaged in a sum in excess of the jurisdictional limits of all lower courts which otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR MALICOUS PROSECUTION

94.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "93" above, as if fully set forth at length herein.

95.     That thereafter plaintiff was maliciously and unlawfully prosecuted through perjured statements of the various agents, servants and/or employees of the defendants.

96.     Plaintiff was maliciously and illegally prosecuted for alleged violations of the Penal Law.

97.     That the defendants through their agents, servants and/or employees knew that said allegations which resulted in the arrest were false, malicious and perjured and were not the result of any illegal or wrong doing on the part of the plaintiff.

98.     That the defendants herein through their agents, servants and/or employees continued to maliciously, falsely and illegally prosecute the plaintiff through the New York City Criminal Court system.

99.     That testimony and evidence was presented to a Grand Jury.

100.    That after the presentment of testimony and evidence to a Grand Jury, all charges brought against the plaintiff herein were dismissed.

101.    That after presentment of testimony and evidence to a Grand Jury, all charges brought against the plaintiff, which were based on false and perjured statements, were dismissed.

14

102.    As a result of the foregoing, the plaintiff was damaged in a sum in excess of the jurisdictional limits of all lower courts which otherwise have jurisdiction.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>
<u>FOR VIOLATION OF CIVIL RIGHTS</u>

103.    Plaintiff repeat each and every allegation contained in paragraphs "1" through "102" as if fully set forth herein.

104.    The aforesaid officers of The City of New York and New York City Police Department were acting as agents, servants and/or employees of The City of New York and New York City Police Department.

105.    The aforesaid officers were acting within the course and scope of their employment.

106.    The aforementioned acts of each of the defendants were under color of statutes, ordinances, regulations, custom and usage of the State of New York.

107.    The aforementioned acts of each of the defendants deprived Plaintiff of the privileges and immunities guaranteed to Plaintiff as a citizen of the United States, by amendments IV, V, VII and Section I of amendment XIV of the Constitution of the United States and by the Constitution of the State of New York.

108.    As a direct and proximate result of the defendants' actions, Plaintiff was deprived of rights, privileges and immunities secured to her under the Constitution and laws of The State of New York and The United States, including, but not limited to her rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C Section 1983.

109.    The aforementioned acts of the defendants constituted cruel and unusual punishment of Plaintiff and as such violated amendment VIII to the Constitution of the United States and of the State of New York.

110.    By reason of the foregoing, the John and Jane Doe defendants are liable to Plaintiff pursuant to Title 42 of the United States Code, including but not limited to Sections 1981, 1983 and 1985 thereof.

15

111.    By reason of the aforementioned the Plaintiff suffered physical damages, suffered great mental anguish and was deprived of his constitutional rights.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
## (MUNICIPAL LIABILITY)

112.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "111" as if fully set forth herein.

113.    All of the acts and omissions by the named and unnamed individual police officers described were carried out pursuant to overlapping policies and practices of The City of New York and New York City Police Department which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of The City of New York and New York City Police Department.

114.    Defendant The City of New York and New York City Police Department, by their policy-making agents, servants and employees, authorized, sanctioned, and/or ratified the individual police defendants' wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

115.    The actions of the individual police defendants resulted from and were taken pursuant to the following de facto policies and/or well settled and widespread customs and practices of The City of New York and New York City Police Department, which were and are implemented by members of its police department:

(a)     Members of the 73rd Precinct are encouraged and/or allowed by their supervisors to physically brutalize suspects and arrestees without consequence – i.e. without fear of reprimand, discipline or even re-training by the Department;

(b)     New York City Police Officers, including the 73rd Precinct Bureau engage in systemic and ubiquitous perjury, both oral and written, to cover-up constitutional and state law violations committed against civilians by either themselves or their fellow officers, supervisors and/or subordinates.  They did so and do so with the

16

knowledge and approval of their supervisors, commanders and Police Commissioners who all:

 (i) tacitly accept and encourage a code of silence wherein police officers refused to report other officers misconduct or tell false and incomplete stories designed to cover for and/or falsely exonerate accused police officers; and

 (ii) encourage and/or fail to discipline officers for "testifying" and/or fabricating false evidence to initiate and continue the malicious prosecution of civilians in order to cover-up civil right violations perpetrated by themselves or fellow officers, supervisors and/or subordinates against those civilians; and

 (c) The City of New York and New York City Police Department with the knowledge, approval and encouragement of Police Commissioners, fail to properly train, supervise and/or discipline officers concerning the constitutional rights of individuals in their care and custody.

116. The Defendants established a custom, policy and/or practice of encouraging, approving and/or tolerating the New York City Police Department's use of excessive force and acts of misconduct against civilians, especially those civilians who are of African American descent, and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

117. The Defendants were deliberately indifferent to the use of improper procedures in the detention and arrest of civilians, especially those civilians of African American descent, and established a custom, policy and/or practicing of encouraging, approving and/or tolerating the use of said improper procedures by the New York City Police Department and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

118. The defendants' actions were undertaken under the color of law and would not have existed but for said defendants' use of their official power.

17

officers would be likely to engage in the aforementioned violations.

119.    The supervisors and policy making officers of defendants, as a matter of policy, were deliberately indifferent to said practices and have failed to take steps to terminate the above detailed practices and have failed to discipline or otherwise properly supervise the individuals engaged in such practices.

120.    Defendants have failed to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failures continue to this day.

121.    Defendants have sanctioned the policy and practices heretofore described through its deliberate indifference to the effect of such policy and practices upon the constitutional rights of Plaintiff and others similarly situated.

122.    The Defendants' motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

123.    The City of New York and New York City Police Department had a policy of encouraging abuse and assaults or of ratifying same by systemic deficiencies in disciplining officers or in the investigation of complaints against officers.

124.    The foregoing acts, inaction, omissions and systemic failures are customs and policies of the municipal defendants which have caused its police officers to believe that the determination of the right to make arrests, seize property, imprisoned as well as the use force and the amount of allowable legal force was within their discretion and that complaints of the aforementioned would not be honestly or properly investigated, with the foreseeable result that officers would be likely to engage in the aforementioned violations.

125.    The existence of the foregoing unlawful de facto policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy making officers and officials of The City of New York and New York City Police Department including its Police Commissioner.

18

126.    Despite knowledge of such unlawful de facto policies, practices and/or customs, these supervisory and policy making officers and officials of The City of New York and New York City Police Department including its Commissioner, have not taken steps to terminate these policies, practices and/or customs, do not discipline individuals who engage in such policies, practices and/or customs or otherwise properly train police officers with regard to the constitutional and statutory limits on the exercise of their authority, and insert sanctions and ratify these policies, practices and/or customs through their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of said policies, practices and/or custom upon the constitutional rights of persons in their care and custody.

127.    As a result of the aforesaid violation of Plaintiff's rights, she sustained injuries and damages previously described in this complaint.

128.    As a direct and proximate result of the aforesaid acts, inaction, omissions and systemic failures the individually named officers used excessive force against the Plaintiff.

129.    By reason of the aforementioned the Plaintiff suffered physical damages, great mental anguish and was deprived of his constitutional rights.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (CONSPIRACY)

130.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "129" above, as if fully set forth at length herein.

131.    The defendants herein through their agents, servants and/or employees did conspire to charge the plaintiff with committing numerous crimes under the New York State Penal Law.

132.    That said conspiracy was undertaken by the defendants through their agents, servants and/or employees through various police officers involved in the arrest herein and was

19

promulgated as a result of the plaintiff's ethnic class, that being an African-American and further as a result of the plaintiff's monetary class, that being of an impoverished person.

133.    That as a result of said conspiracy of the defendants through their agents, servants and/or employees perjured statements were made and conspirital acts were undertaken to insure that the plaintiff remained incarcerated even though the defendants' agents, servants and/or employee knew or should have known that the plaintiff did not commit any crime.

134.    The defendants through their agents, servants and/or employees did illegally, unlawfully and purposefully conspire to illegally arrest, incarcerate and prosecute plaintiff because of the plaintiff's ethnic background and origin as well as economic class.

135.    That the defendants herein through their agents, servants and/or employees did violate plaintiff's civil rights both under the New York State Constitution and under the Constitution of the United States and specifically under the United Stated Code ¶ 1983 and 1985.

136.    As a result of the foregoing, the plaintiff was damaged in a sum in excess of the jurisdictional limits of all lower courts which otherwise have jurisdiction.

AS AND FOR A NINTH CAUSE OF ACTION
FOR VIOLATION OF 42 U.S.C. SECTION 1985(3)

137.    Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs "1" through "136 as if fully set forth herein.

138.    The Defendants are liable under 42 U.S.C. Section 1985 (3) for conspiring to violate Plaintiff's rights guaranteed by the aforementioned amendments to the United States Constitution.

139.    The aforementioned defendant officers conspired, planned and agreed to treat Plaintiff in the manner previously described for the purpose of depriving him, either directly or indirectly, of equal protection of the laws and/or of equal privileges and immunities under the United States Constitution and the New York Constitution.

20

140.    The actions and conduct taken against the Plaintiff was done in furtherance of their conspiracy.

141.    As a result the Plaintiff suffered physical injury, emotional harm, was subject to cruel and unusual punishment in violation of the 8th Amendment to the United States Constitution and was deprived of his constitutional rights as previously described.

142.    The defendants' conspiracy was motivated by Plaintiff's race.

143.    The existence of the foregoing unlawful de facto policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy making officers and officials of The City of New York and New York City Police Department including its Police Commissioner.

AS AND FOR A TENTH CAUSE OF ACTION
FOR FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. SECTION 1983

144.    Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs "1" through "143" as if fully set forth herein.

145.    Members of the New York City Police Department have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department depriving a person of their constitutional rights.

146.    The aforementioned named and unnamed officers were present while the Plaintiff's constitutional rights were being violated.

147.    The violation against the Plaintiff was obviously unjustified under the circumstances yet the other officers present failed to take any action or make any effort to intervene, halt or protect the Plaintiff.

148.    Defendant's violation of Plaintiff's constitutional rights by failing to intervene resulted in the injuries and damages set forth above.

21

AS AND FOR AN ELEVENTH CAUSE OF ACTION
INDIVIDUAL SUPERVISORY LIABILITY – 42 USC SECTION 1983
AGAINST ALL DEFENDANT SUPERVISORS

149.    Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs "1" through "148" as if fully set forth herein.

150.    Defendants supervisors were, at all relevant times, supervisory personnel in the New York City Police Department, with oversight responsibility for the training, instruction, supervision and discipline of the named and unnamed individual police officers who deprived Plaintiff of his federal constitutional rights.

151.    The conduct of the officers and their prior experience was so notorious that the supervising defendants knew or should have known of the likelihood of harm to the Plaintiff or someone similarly situated.

152.    These supervisory defendants failed to intervene to prevent the actions taken against the Plaintiff.

153.    These supervisory defendants were negligent in failing to take meaningful action to prevent the actions taken against the Plaintiff which resulted in the deprivation of Plaintiff's constitutionally guaranteed rights.

154.    The individual supervisor defendants knew or should have known that the named and unnamed police officers were conducting unreasonable and retaliatory actions against the Plaintiff aimed at harming her and depriving her of her constitutionally guaranteed rights.

155.    The individual supervisory defendants participated in conduct aimed at harming the Plaintiff and depriving her of her constitutionally guaranteed rights.

156.    The individual supervisory officers either condoned or looked the other way at the prior conduct and experiences of the aforementioned officers.

157.    The individual supervisory officers were personally involved in either ordering or failing to take preventative and remedial measures to guard against, Plaintiff's constitutional

22

deprivations.

158. The supervisory defendants created the atmosphere at the precinct which created opportunity for the actions against Plaintiff to take place.

159. The supervisory defendants knew, or in the exercise of due diligence, should have known that the actions taken against Plaintiff by the John and Jane Doe officers were likely to occur.

160. The failure of the individual supervisory defendants to train, supervise and/or discipline the named and unnamed individual police officers defendants with respect to the constitutional rights of arrestees amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to the Plaintiff.

## AS AND FOR A TWELEFTH CAUSE OF ACTION
## NEW YORK STATE CONSTITUTIONAL VIOLATIONS

165. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs "1" through "164" as if fully set forth herein.

166. The aforementioned conduct of the named and unnamed officers violated the protections guaranteed to the Plaintiff by the New York State Constitution, Article 1, Sections 6, 8, 11 and 12 including but not limited to the right to be free from unreasonable seizure of their person, including excessive force.

167. Defendants deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages suffered by the Plaintiff.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## NEGLIGENCE

168. Plaintiffs repeat each and every allegation contained in paragraphs "1 through "167" as if fully set forth herein.

169. The defendants, their agents, servants or employees acted negligently, carelessly and

recklessly in the care and treatment given to the Plaintiff during her arrest.

170. The individual defendants by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts, failed to perform their duties as a reasonably prudent and careful police officer, detective and/or supervisor would have done under similar circumstances.

171. The negligent actions of the individual defendants directly and proximately caused Plaintiff's injuries and damages as set forth above.

172. The Defendants' negligence was a proximate cause of Plaintiff's damages.

<u>AS AND FOR A FOURTEENTH CAUSE OF ACTION</u>
<u>NEGLIGENT RETENTION AND HIRING</u>

173. Plaintiff repeats each and every allegation contained in paragraphs "1" through "172" as if fully set forth herein.

174. The aforesaid occurrences took place by reason of the Municipal Defendants, negligent training of the aforesaid Police Officers.

175. The aforesaid occurrences took place by reason of the Municipal Defendants' negligent hiring and retention of the aforesaid police officers.

176. The Municipal defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who were abusive or who acted intentionally and/or recklessly toward the public. The Defendants were further negligent in failing to discipline or retain these officers.

177. By reason of the foregoing the Plaintiff was seriously injured.

178. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused

24

their position, who were abusive, or who acted intentionally and/or recklessly toward the public.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

179. Plaintiffs repeat each and every allegation contained in paragraphs "1" through "178" as if fully set forth herein.

180. The actions of the defendants taken against the Plaintiff were outrageous and beyond any norms acceptable to society.

181. Defendants acted with the desire and intent to cause Plaintiff emotional distress, or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

182. Defendants acted with utter disregard of the consequences of their actions.

183. As a result of the aforesaid, Plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

184. Plaintiff repeats each and every allegation contained in paragraphs "1" through "183" as if fully set forth herein.

185. The individually named detectives and police officers, by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### RESPONDEAT SUPERIOR

186. Plaintiff repeats each and every allegation contained in paragraphs "1" through "185" as if fully set forth herein.

187. The Municipal Defendants are vicariously responsible for the actions of the individual defendants under the doctrine of Respondeat Superior.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION

188.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "187" above, as if fully set forth herein.

189.    That on April 7, 2012, while the plaintiff was lawfully within "The Premises" the defendants, through their agents, servants and/or employees did unlawfully enter into "The Premises" with a defective and knowingly defective search warrant seeking various alleged contraband. After illegally entering the premises and not finding said contraband defendants did unlawfully, maliciously and falsely arrested the plaintiff and seized his property located therein and maliciously prosecuted the plaintiff knowing that the alleged criminal violations were false and erroneous and made to justify an improper search of the premises and seizure of her property.

190.    Subsequently, the defendants through their agents, servants and/or employees unlawfully entered plaintiff's apartment and confiscated his personal property.

191.    That the defendants though their agents, servants and/or employees did unlawfully damage, seize and confiscate plaintiff's personal property, belongings, furnishings and fixtures owned and/or possessed by the plaintiff from the premises and plaintiff's apartment and have unlawfully and improperly retained said property despite plaintiff's demand for its return.

192.    As a result of the foregoing, the plaintiff was damaged in the amount of FIFTY THOUSAND ($50,000.00) Dollars.

## AS AND FOR A NINETEENTH CAUSE OF ACTION

193.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs

26

"1" through "192" above, as if fully set forth herein.

194.    That the defendants, by their agents, servants and/or employees after executing the defective search warrant left plaintiff's apartment.

195.    That the defendants, by their agents, servants and/or employees, after executing the defective search warrant left plaintiff's apartment without securing, locking, protecting and/or safeguarding plaintiff's apartment.

196.    That the defendants, by their agents, servants and/or employees, after executing the defective search warrant left plaintiff's apartment without locking, securing, protecting and/or safeguarding the entrance door.

197.    That the defendants, by their agents, servants and /or employees, after executing the search warrant left his apartment without securing, locking, protecting and/or safeguarding either the front door and/or the entrance door to the plaintiff's apartment which defendants, through their agents, servants and/or employees had broken in order to gain entry into the apartment in the course of executing the search warrant.

198.    That the failure of the defendants through their agents, servants and/or employees to properly secure, protect, safeguard and/or lock the entrance door to the plaintiff's second floor apartment, after executing the aforesaid search warrant allowed, permitted and caused the plaintiff's apartment to be and remain unsecured, unguarded, unlocked and unprotected while plaintiff was arrested and imprisoned.

199.    That as a result of the failure of the defendants through their agents, servants and/or employees to secure the door to the plaintiff's apartment after executing the aforesaid search warrant leaving the plaintiff's apartment unsecured, unguarded, unlocked and unprotected,

27

the plaintiff's apartment was burglarized, looted plundered and ransacked while plaintiff was arrested and imprisoned.

200.    That by reason of the foregoing, the entire contents of the plaintiff's apartment including plaintiff's furniture, food, clothing, personal belongings, household goods and furnishings were damaged and/or stolen.

201.    That as a result of the foregoing, the plaintiff was damaged in the amount of FIFTY THOUSAND ($50,000.00) Dollars.

## AS AND FOR A TWENTIETH CAUSE OF ACTION

202.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "201" above, as if fully set forth herein.

203.    The plaintiff was, falsely arrested, unlawfully imprisoned and maliciously prosecuted because of his ethnic background, that being African American; the claimant's Civil Rights were violated, both under the United States Constitution and the New York State Constitution; was made to be publicly embarrassed and humiliated; was imprisoned without just cause or provocation; was forced to be confined to jail, be separated from his family and loved ones, was forced to endure further public ridicule, embarrassment and humiliation by having to appear in Criminal Court, suffered from loss of reputation and esteem and suffered emotional and physical injuries.

204.    As a result of the foregoing, the plaintiff was damaged in a sum in excess of the jurisdictional limits of all lower courts which otherwise have jurisdiction.

## PUNITIVE DAMAGES

205.    Plaintiff will be seeking punitive damages against each of the named police

officers.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all defendants:

(a)   A declaration that Defendants violated Plaintiff's Federal Civil Rights;

(b)   Compensatory damages for the physical and emotional injuries suffered by Plaintiff by reason of defendants unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;

(c)   Punitive damages against the individual defendants;

(d)   Attorneys fees;

(e)   The costs and disbursements of this action; and

(f)   For such other, further and different relief as is just and proper under the circumstances.

(g)   Plaintiff prays for Judgment against the defendants, and each of them as follows:

   (1)   Count One:  $10,000,000.00.

   (2)   Count Two:  $10,000,000.00.

   (3)   Count Three:  $10,000,000.00.

   (4)   Count Four:  $10,000,000.00.

   (5)   Count Five:  $10,000,000.00.

   (6)   Count Six:  $10,000,000.00.

   (7)   Count Seven:  $10,000,000.00.

   (8)   Count Eight:  $250,000,000.00.

   (9)   Count Nine:  $10,000,000.00.

   (10)  Count Ten:  $10,000,000.00.

   (11)  Count Eleven:  $500,000.00.

29

(12)   Count Twelve:  $10,000,000.00.

(13)   Count Thirteen:  $10,000,000.00.

(14)   Count Fourteen:  $500,000.00.

(15)   Count Fifteen:  $10,000,000.00.

(16)   Count Sixteen:  $10,000,000.00.

(17)   Count Seventeen:  Not Applicable.

(18)   Count Eighteen:  $50,000.00.

(19)   Count Nineteen:  $75,000.00.

(20)   Count Twenty:  $10,000,000.00.


Dated:      New York, New York
            November 26, 2013

                        Yours, etc.


                        JOHN J. NONNENMACHER, ESQ.
                        BADER, YAKAITIS & NONNENMACHER, LLP
                        Attorneys for Plaintiff
                        1430 Broadway, Suite 1802
                        New York, New York 10018
                        (212) 465-1110
                        Jnonnenmacher@bynlaw.com

30